## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

TWIANNA JOHNSON,

        Plaintiff,

        v.

FORD MOTOR COMPANY
HEADQUARTERS, DANIEL SCHULTZ,
DANIEL ALLEN, JAMES V.
SHAUGNESSEY, KEVIN HASSELLOF,
and JEFFREY SLONE,

        Defendants.

CAUSE NO. 2:20-CV-153-TLS-JPK

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint [ECF No. 8], filed by Defendants Daniel Schultz, Daniel Allen, James V. Shaugnessey, and Kevin Hassellof, and a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction [ECF No. 13], filed by Ford Motor Company Headquarters. For the reasons set forth below, the motions are granted.

The Plaintiff filed her Pro Se Complaint [ECF No. 1] alleging injuries and damages associated with the purchase and service of a Ford automobile. The Plaintiff's Complaint is on the Court's form "Complaint for a Civil Case." Compl. 1, ECF No. 1. In Section II, which is labeled "Basis for Jurisdiction" and asks: "What is the basis for federal court jurisdiction," the Plaintiff represents that her claim has federal question jurisdiction. *Id.* at 3. The Plaintiff's claim is based on Indiana Code § 24-5-13, the Motor Vehicle Protection chapter of the Indiana Code. *Id.* The Plaintiff does not allege any claims based on federal law. *Id.*

Federal courts are courts of limited jurisdiction. "To proceed in federal court, Plaintiffs therefore have the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332." *Matlock v. Davis*, 1:20-CV-267, 2020 WL 4604584, at *2 (N.D. Ind. Aug. 11, 2020). A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and it has diversity jurisdiction over civil actions where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332; *see also Matlock*, 2020 WL 4604584, at *2.

As previously explained, the Plaintiff's cause of action is based on Indiana state law, not the Constitution, laws, or treaties of the United States. As such, the Court does not have federal question jurisdiction over this matter. Additionally, the Plaintiff does not claim the parties are, and they do not appear to be, diverse. *See* Compl. 2, 3. Based on the contents of the Complaint, the Court concludes that it does not have subject matter jurisdiction over this matter. Therefore, it must be dismissed.

For these reasons, the Court GRANTS the Motion to Dismiss Plaintiff's Complaint [ECF No. 8] and the Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction [ECF No. 13], and DISMISSES the Plaintiff's Pro Se Complaint [ECF No. 1] without prejudice.

SO ORDERED on March 31, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT